USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/3/2026

**UNITED STATES DISTRICT**

**SOUTHERN DISTRICT OF NE**

| | |
|---|---|
| BEIJING IQIYI SCIENCE & TECHNOLOGY CO., LTD.,<br>BEIJING QIYI CENTURY SCIENCE & TECHNOLOGY CO., LTD.,<br>DONGYANG IQIYI FILM AND TELEVISION CULTURE CO., LTD.,<br>NANJING iQIYI FILM AND TELEVISION CULTURE CO., LTD.,<br>HAINAN IQIYI INFORMATION TECHNOLOGY CO., LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>THE INDIVIDUALS AND BUSINESS ENTITIES IDENTIFIED ON SCHEDULE "A;" and DOES 1 through 100, inclusive,<br><br>Defendants. | Civil Action No. 1:26-cv-05559 (AT)<br><br>**JURY TRIAL DEMANDED** |

**ORDER GRANTING PRELIMINARY INJUNCTION AND ASSET-TRANSFER RESTRAINT AS TO DEFENDANT NO. 5, FION TECHNOLOGIES LLC**

Upon consideration of the Complaint (ECF No. 1); Plaintiffs' Application for a Temporary Restraining Order, Preliminary Injunction, Asset-Transfer Restraint, and Expedited Discovery, and the Memorandum of Law in support thereof; the Declaration of Chuantong "Leon" Wang in Support of Plaintiffs' Application ("Wang TRO Decl."); this Court's Temporary Restraining Order entered July 9, 2026; Defendant No. 5 Fion Technologies LLC's Opposition to Plaintiffs' Application for a Preliminary Injunction (ECF No. 34) and the Declaration of Xuejie "Jason" Li submitted therewith (ECF No. 34-1) ("Li Decl."); Plaintiffs' Reply Memorandum of Law in

Further Support of Their Application; the arguments of counsel; and the entire record in this action, the Court hereby enters the following Order as to Defendant No. 5 only.

## SCOPE OF THIS ORDER

1. This Order applies solely to Defendant No. 5, Fion Technologies LLC ("Fion"), identified on Schedule A to the Complaint as "Fion Technologies LLC, a Georgia corporation d/b/a Best TVPad (eBay store name) and fiontech (eBay username)." Fion asserts that it is a Texas rather than a Georgia entity. Li Decl. ¶ 2. That asserted discrepancy in the state of organization does not affect the relief ordered herein, and Plaintiffs may conform Schedule A by amendment.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Likelihood of Success on the Merits

2. To obtain a preliminary injunction, a movant must demonstrate (1) a likelihood of success on the merits, (2) that it is likely to suffer irreparable injury absent an injunction, (3) that the balance of hardships tips in its favor, and (4) that the public interest would not be disserved. *Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010). In this Circuit, a movant may satisfy the first element by demonstrating either a likelihood of success or "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly" in the movant's favor. *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund, Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010). That standard "remains valid" in this Circuit. *Id.* at 38.

3. Copyright infringement requires proof of (1) ownership of a valid copyright and (2) unauthorized copying of constituent elements of the work that are original. *Feist*

*Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 361 (1991). Plaintiffs own the exclusive U.S. rights in the iQIYI Exclusive Shows, including those identified in Exhibits I and II to the Temporary Restraining Order.. Fion does not dispute that the A3 TV Boxes provide unauthorized access to Plaintiffs' copyrighted content, that the "Best TVPad"/"fiontech" eBay storefront sold the accused A3 TV Boxes, or that the storefront displayed Plaintiffs' name and marks in images promoting those boxes.

4. The record establishes the following facts material to Fion: the eBay storefront "Best TVPad," operating under the seller identification "fiontech," sold an A3 TV Box to Plaintiffs' counsel, and the order and shipping label each identified Xuejie Li. Wang TRO Decl. ¶ 23; Ex. 3 at 2-4, 6, 9. Xuejie Li is the Chief Executive Officer of Fion. *Id.* ¶ 43; Ex. 12 at 2; Li Decl. ¶ 2. Xuejie Li appeared as the shipper, at a common Plano, Texas address, on the A3 TV Boxes that Plaintiffs purchased from Defendant Nos. 5, 8, 9, and 13. Wang TRO Decl. ¶¶ 43, 48. The A3 TV Box received from Defendant No. 5 bore a service label whose associated WeChat operator identified itself as the manufacturer's agent in the United States and directed Plaintiffs' counsel to Defendant No. 13's website. *Id.* ¶¶ 24-25; Ex. 3 at 14.

5. Fion's own submission establishes further material facts. Xuejie Li, Fion's Chief Executive Officer, owns and operates the eBay storefront that sold the accused A3 TV Boxes under a seller identification derived from Fion's corporate name. Li Decl. ¶¶ 2, 7. Xuejie Li used a PayPal account bearing an address on Fion's corporate internet domain to receive payments for accused A3 TV Boxes sold through Defendant No. 13. *Id.* ¶¶ 15-16. Approximately $31,005.35 in funds received from Defendant No. 13, who is alleged in this case to have sold A3 TV Boxes, was transferred into Fion's corporate bank account, where those funds remain. Li Decl. ¶ 17.

6. Fion contends that it is the wrong party because the eBay storefront is owned by Xuejie Li individually rather than by Fion. That contention raises a merits question that is not resolved at this stage and does not defeat preliminary relief on this record. A motion for a preliminary injunction is not a vehicle for merits dismissal. On a record in which a single principal used the corporate name, the corporate internet domain, and the corporate bank accounts in connection with the accused sales, Plaintiffs have at a minimum raised sufficiently serious questions going to the merits to make them a fair ground for litigation, with the balance of hardships tipping decidedly in Plaintiffs' favor.

7. Plaintiffs are likewise likely to succeed on their Lanham Act claims. Plaintiffs own federally registered and common law rights in the iQIYI Marks. The display of the iQIYI Marks in connection with the advertising and sale of the accused A3 TV Boxes through the "Best TVPad"/"fiontech" storefront creates a likelihood of confusion as to the source, sponsorship, or approval of those goods. Plaintiffs' New York common law claims for trademark infringement and unfair competition mirror the Lanham Act standard, with an additional bad-faith requirement that the record satisfies. *Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp. 2d 448, 456 (S.D.N.Y. 2005).

**B. Irreparable Harm**

8. Plaintiffs have demonstrated irreparable harm. Under 15 U.S.C. § 1116(a), a finding of likelihood of success on a trademark infringement claim gives rise to a rebuttable presumption of irreparable harm, and Fion has not rebutted it. In the copyright and trademark context, irreparable harm exists where infringement "would substantially diminish the value" of the work, "losses

would be difficult to measure," and "monetary damages would be insufficient to remedy the harms." *Pearson Education, Inc. v. Labos*, No. 19-cv-487 (CM), 2019 WL 1949820, at *6 (S.D.N.Y. Apr. 23, 2019). Each of those conditions is present here. The loss of goodwill and of the ability to control one's reputation cannot be adequately remedied by money damages. *3M Co. v. Performance Supply, LLC*, 458 F. Supp. 3d 181, 191-92 (S.D.N.Y. 2020).

9. Newly released iQIYI Exclusive Shows appear on the A3 TV Boxes the same day, or within days, of their release on Plaintiffs' authorized platform. Defendants' WeChat accounts advertised the iQIYI Exclusive Show "Drifting Away" on the day of its release and advertised "The Best Thing" two days after its official release. The A3 TV Box also includes a dedicated round-the-clock iQIYI Live Channel, first observed in a "TEST" channel section and since elevated to the primary channel category, confirming that the infringement is ongoing and expanding. Such actual and ongoing use of Plaintiffs' content and trademarks causes irreparable harm. Fion has submitted no evidence rebutting this showing of irreparable harm.

**C. Balance of Equities and Public Interest**

10. The balance of equities and the public interest both favor Plaintiffs. Fion has no legitimate interest in continuing to infringe Plaintiffs' copyrights and trademarks, and "[a]n infringer of copyright cannot complain about the loss of ability to offer its infringing product." *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 287 (2d Cir. 2012). Enforcing intellectual property rights and preventing consumer confusion serve the public interest.The conduct restraints set forth below prohibit only infringing activity and leave Fion free to conduct any non-infringing business, including the pet food trading business it describes. Li Decl. ¶ 6. Fion has submitted no evidence addressing the balance of equities or the public interest.

**D. Authority for the Asset-Transfer Restraint**

11. Plaintiffs seek an accounting and disgorgement of Fion's profits as final equitable relief. A prejudgment asset restraint is appropriate where the plaintiff pursues equitable relief and the restraint is ancillary to that relief. *Gucci America, Inc. v. Weixing Li*, 768 F.3d 122, 130-31, 132-33 (2d Cir. 2014). An accounting of profits is such an equitable remedy, and it supports a prejudgment asset restraint. *Tiffany (NJ) LLC v. Forbse*, No. 11-cv-4976 (NRB), 2012 WL 1918866, at *11-12 (S.D.N.Y. May 23, 2012), *aff'd in relevant part sub nom. Tiffany (NJ) LLC v. China Merchants Bank*, 589 F. App'x 550 (2d Cir. 2014); *see also Roadget Business Pte. Ltd. v. Individuals*, 735 F. Supp. 3d 981, 983-84 (N.D. Ill. 2024)

12. Fion holds identifiable proceeds potentially traceable to infringing sales. Li Decl. ¶¶ 15, 17. Irreparable harm supporting equitable relief may lie where "the monies at issue are identifiable proceeds that are supposed to be held for the party seeking [equitable] relief." *In re Citibank August 11, 2020 Wire Transfers*, No. 20-CV-6539 (JMF), 2021 U.S. Dist. LEXIS 90772, at *12 (S.D.N.Y. May 12, 2021).

**E. Scope of the Asset-Transfer Restraint**

14. The burden of exempting particular assets from an asset restraint rests on the restrained party. "The burden is on the party seeking relief to present documentary proof that particular assets [are] not the proceeds of counterfeiting activities." *Klipsch Grp., Inc. v. Big Box Store Ltd.*, No. 12 Civ. 6283 (AJN), 2012 WL 5265727, at *8 (S.D.N.Y. Oct. 24, 2012) (quoting *N. Face Apparel Corp. v. TC Fashions, Inc.*, No. 05 Civ. 9083 (RMB), 2006 WL 838993, at *3 (S.D.N.Y. Mar. 30, 2006)); *accord Roadget*, 735 F. Supp. 3d at 983-84.

15. Fion has met its burden to show, at this preliminary stage, that the majority of its assets that were frozen by the temporary restraining order are not traceable to profits from unlawful activity in this case. Accordingly, the asset restraint is REDUCED to $31,000, which is the amount of funds in Fion's accounts potentially traceable to infringing activity.

**F. Security**

16. Federal Rule of Civil Procedure 65(c) commits the amount of security to the Court’s discretion, and that discretion extends “even to dispense with the bond requirement where there has been no proof of likelihood of harm.” *Doctor’s Assocs., Inc. v. Distajo*, 107 F.3d 126, 136 (2d Cir. 1997) (quoting *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996)). The amount of a bond measures the damages that a wrongful restraint would cause, not the value of the restrained assets. *See Johnson Controls, Inc. v. A.P.T. Critical Sys., Inc.*, 323 F. Supp. 2d 525, 541-42 (S.D.N.Y. 2004). Fion requests security equal to the entire restrained balance but has not quantified the damages a wrongful restraint would cause. No increase in security is warranted on this record.

## ORDER

**Based on the foregoing findings, IT IS HEREBY ORDERED as follows**:

### A. Conduct Restraints

17. Fion, and its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with it who receive actual notice of this Order by personal service or otherwise, are hereby ENJOINED and RESTRAINED from:

(a) Copying, reproducing, displaying, publicly performing, distributing, importing, or creating derivative works of Plaintiffs' copyrighted works, including but not limited to those identified in Exhibits I and II. ECF Nos. 16-1 and 16-2;

(b) Importing, transmitting, or distributing Plaintiffs' copyrighted works over the Internet, including through any A3 TV Box or the A3 TV Applications;

(c) Manufacturing, selling, advertising, offering for sale, distributing, or importing any A3 TV Box, including any A3 TV Box hardware, application, or activation or renewal code;

(d) Displaying or otherwise using Plaintiffs' name, the iQIYI Marks, or screenshots of Plaintiffs' copyrighted works to promote any A3 TV Box; and

(e) Assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities described in subparagraphs (a) through (d) above.

### B. Asset-Transfer Restraint

18. The asset-transfer restraint imposed by the Court's July 9, 2026 Temporary Restraining Order (ECF No. 23) is hereby CONTINUED as to Fion, pursuant to Federal Rules of Civil

Procedure 64 and 65, N.Y. C.P.L.R. § 6201, and this Court's inherent equitable authority. However, the asset restraint is REDUCED to $31,000. Fion, and any person or entity acting on its behalf, including its financial institutions, payment providers, and payment processors, are RESTRAINED AND ENJOINED from transferring, disposing of, encumbering, or secreting that amount of funds in the following account:

(a) the account at Bank of America, N.A. bearing an account number ending in 4431.

19. Each financial institution, payment processor, and payment-solutions provider that receives notice of this Order shall provide written confirmation of its compliance to Plaintiffs' counsel within five (5) business days of service of this Order, identifying the account restrained, the balance restrained, and any responsive account it was unable to locate.

**C. Prohibition on Transfer of Ownership**

21. Fion is further ENJOINED and RESTRAINED from transferring ownership or control of any e-commerce store, seller account, website, domain name, or social media account used

in connection with the activities described in this Order, including the internet domain fiontech.com.

**D. Expedited Discovery**

22. The expedited-discovery provisions of the Court's July 9, 2026 Temporary Restraining Order (ECF No. 23) are hereby continued. Within five (5) business days of receipt of this Order, PayPal, Inc., eBay, Inc., Bank of America, N.A., and any other marketplace platform, payment processor, bank, or financial institution that receives notice of this Order shall produce to Plaintiffs' counsel the following categories of documents relating to Fion's accounts and to the "Best TVPad"/"fiontech" eBay storefront:

(i) Account holder names, addresses, telephone numbers, and email addresses;

(ii) Account balances and transaction histories;

(iii) Records of all sales of A3 TV Boxes, including unit volumes, gross revenue, and the disposition of sales proceeds;

(iv) Records of any transfer, withdrawal, or disbursement from the date of the filing of this action;

(v) Records of any linked account, including bank accounts, payment cards, and alternative payment methods; and

(vi) Records identifying the sources of funds deposited into and the destinations of funds transferred out of the accounts.

23. Fion shall produce to Plaintiffs' counsel, within fourteen (14) days of entry of this Order, all documents in its possession, custody, or control concerning (i) the ownership, operation,

and revenue of the "Best TVPad"/"fiontech" eBay storefront; (ii) the deposit and disposition of all payouts received from eBay in connection with that storefront; (iii) the deposit and disposition of the funds described in Paragraphs 15 through 17 of the Li Declaration; and (iv) the provenance of the balances presently restrained, including complete bank statements, ledgers, invoices, purchase orders, and any agreement with Global Supply Ecommerce Co., Limited.

24. This expedited discovery is authorized pursuant to Federal Rule of Civil Procedure 26(d)(1) upon a showing of good cause.

**E. Security**

25. The $10,000 bond previously posted by Plaintiffs on July 20, 2026 remains with the Court as security for this Order pursuant to Federal Rule of Civil Procedure 65(c), subject to increase on application in the interest of justice. The Court finds that this amount is adequate security for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

**H. Duration**

27. This Order remains in effect pending final resolution of this action or until further order of the Court.

**I. Effect on Other Defendants**

28. Nothing in this Order affects the rights or obligations of any defendant other than Defendant No. 5, or the relief that Plaintiffs separately seek as to any other defendant.

Dated: August 3, 2026

New York, New York

**SO ORDERED.**

HON. ANALISA TORRES
UNITED STATES DISTRICT JUDGE