**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BEIJING IQIYI SCIENCE & TECHNOLOGY CO., LTD., BEIJING QIYI CENTURY SCIENCE & TECHNOLOGY CO., LTD., DONGYANG IQIYI FILM AND TELEVISION CULTURE CO., LTD., NANJING iQIYI FILM AND TELEVISION CULTURE CO., LTD., HAINAN IQIYI INFORMATION TECHNOLOGY CO., LTD.,<br>Plaintiffs,<br>v.<br>THE INDIVIDUALS AND BUSINESS ENTITIES IDENTIFIED ON SCHEDULE "A;" and DOES 1 through 100, inclusive,<br>Defendants. | ***FILED UNDER SEAL***<br>Civil Action No. 1:26-cv-05559 (AT)<br>**JURY TRIAL DEMANDED** |

**ORDER GRANTING PRELIMINARY INJUNCTION AND ASSET-TRANSFER RESTRAINT AS TO DEFENDANT NOS. 14 (EAST PET LLC) AND 17 (XUEJIE LI)**

Upon consideration of the Complaint (ECF No. 1); Plaintiffs' Application for a Temporary Restraining Order, Preliminary Injunction, Asset-Transfer Restraint, and Expedited Discovery, and the Memorandum of Law in support thereof; the Declaration of Chuantong "Leon" Wang in Support of Plaintiffs' Application ("Wang Decl."); this Court's Temporary Restraining Order entered July 9, 2026; this Court's Preliminary Injunction Order against Defendant No. 5, Fion Technologies LLC, entered August 3, 2026; Defendant Nos. 14 and 17's Opposition to Plaintiffs' Application for a Preliminary Injunction (ECF No. 66) ("Opp.") and the Declaration of Xuejie "Jason" Li submitted therewith (ECF No. 66-1) ("Li Decl."); Plaintiffs' Reply Memorandum of Law in Further Support of Their Application (ECF No. 67) and the Declaration of Alison

Sigurdsson submitted therewith ("Sigurdsson Decl."); the arguments of counsel; and the entire record in this action, the Court hereby enters the following Order as to Defendant Nos. 14 and 17.

## SCOPE OF THIS ORDER

1. This Order applies solely to Defendant Nos. 14, East Pet LLC ("East Pet"), identified on Schedule A to the Complaint as "East Pet LLC, a PayPal account holder associated with Defendant No. 13," and 17, Xuejie Li ("Li"), identified on Schedule A to the Complaint as "Xuejie Li, an individual associated with Defendants Nos. 5, 8, 9, and 13."

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Likelihood of Success on the Merits

2. To obtain a preliminary injunction, a movant must demonstrate (1) a likelihood of success on the merits, (2) that it is likely to suffer irreparable injury absent an injunction, (3) that the balance of hardships tips in its favor, and (4) that the public interest would not be disserved. *Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010). In this Circuit, a movant may satisfy the first element by demonstrating either a likelihood of success or "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly" in the movant's favor. *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund, Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010). That standard "remains valid" in this Circuit. *Id.* at 38.

3. Copyright infringement requires proof of (1) ownership of a valid copyright and (2) unauthorized copying of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 361 (1991). Plaintiffs own the exclusive U.S. rights in the iQIYI Exclusive Shows, including those identified in

Exhibits I and II to the Temporary Restraining Order. Li and East Pet do not dispute that the A3 TV Boxes provide unauthorized access to Plaintiffs' copyrighted content, that the "Best TVPad"/"fiontech" eBay storefront Li owns and operates sold the accused A3 TV Boxes, that the storefront displayed Plaintiffs' name and marks in images promoting those boxes, and that East Pet LLC's PayPal account was used as the point of payment for Defendant No. 13, allsbest.com's, sales of the accused A3 TV Boxes and renewal codes.

4. The record establishes the following facts material to Li and East Pet LLC: the eBay storefront "Best TVPad," operating under the seller identification "fiontech," sold an A3 TV Box to Plaintiffs' counsel, and the order and shipping label each identified Xuejie Li. Wang Decl. ¶ 23; ECF No. 19-3, Ex. 3 at 2–4, 6, 9. Xuejie Li appeared as the shipper, at a common Plano, Texas address, on the A3 TV Boxes that Plaintiffs purchased from Defendant Nos. 5, 8, 9, and 13. Wang Decl. ¶¶ 43, 48. The A3 TV Box received from Li's eBay store bore a service label whose associated WeChat operator identified itself as the manufacturer's agent in the United States and directed Plaintiffs' counsel to Defendant No. 13's website. *Id.* ¶¶ 24–25; Ex. 3 at 14. Payment for the A3 TV Box ordered from Defendant No. 13 went to PayPal account "Jason.li@fiontech.com," registered to Defendant No. 14, East Pet LLC. *Id.* ¶ 37; ECF No. 19-10, Ex. 10 at 7.

5. Li's own submissions establish further material facts. Xuejie Li, Chief Executive Officer of previously enjoined Defendant No. 5, Fion, owns and operates the eBay storefront that sold the accused A3 TV Boxes and received payouts from eBay to his personal Bank of America account ending -3139. ECF No. 66-1, ECF No. 34-1 at ¶ 2, Li Decl. ¶¶ 3, 4–5, 12, 14. Li used a PayPal account bearing an email address on Fion's corporate internet domain and registered to Defendant No. 14, East Pet LLC, to receive payments for accused A3 TV

Boxes sold through Defendant No. 13. *Id.* ¶¶ 15–16. Approximately $31,005.35 in proceeds that Defendant No. 13 realized from selling the accused A3 TV Boxes was transferred from East Pet LLC's PayPal account into Fion's corporate bank account, where those funds remain. *Id.* ¶ 17. Approximately $265,315.20 in proceeds from Li's eBay account were transferred to his personal Bank of America account between August 1, 2024 and July 31, 2026. ECF No. 66 at 22; Sigurdsson Decl. ¶¶ 7, 13, Exs. 4 & 10.

6. East Pet contends that it is synonymous with Xuejie Li individually and is not a separate entity. That contention raises a merits question that is not resolved at this stage and does not defeat preliminary relief on this record. A motion for a preliminary injunction is not a vehicle for merits dismissal. Moreover, New York law recognizes "reverse" veil-piercing "to hold a corporate entity accountable for the actions of its shareholders." *Bagel Bros. Maple, Inc. v. Ohio Farmers, Inc.*, 279 B.R. 55, 62 (W.D.N.Y. 2002). On a record in which Li admits that he and a longtime business associate, Wangchao Li, both used the East Pet LLC PayPal account, its active PayPal profile describes East Pet as a "partnership" in the business industry of "Electronics Stores," and demonstrated commingling of funds between various entities and individuals listed as Defendants on Schedule A, Sigurdsson Decl. ¶¶ 9–10, Exs. 6 & 7. Plaintiffs have at a minimum raised sufficiently serious questions going to the merits to make them a fair ground for litigation, with the balance of hardships tipping decidedly in Plaintiffs' favor.

7. Moreover, secondary liability is available under the Copyright Act. "The absence of such express language in the copyright statute does not preclude the imposition of liability for copyright infringements on certain parties who have not themselves engaged in the infringing activity." *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 434-

35 (1984). A provider is contributorily liable where it intended that its product or service be used for infringement, which may be shown where the provider "induced the infringement" or where "the provided service is tailored to that infringement." *Cox Commc'ns, Inc. v. Sony Music Ent.*, 607 U.S. ____, 146 S.Ct. 959, 967 (2026) (citing *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005); *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 440–41 (1984)). Inducement may be shown where a provider "actively encourages infringement through specific acts," such as advertising an infringing use or instructing how to engage in an infringing use. *Cox*, 146 S. Ct. at 967. The record reflects that the accused A3 TV Boxes were advertised using Plaintiffs' own marks, that newly released iQIYI Exclusive Shows were promoted as available on the boxes within days of their authorized release, and that purchasers received devices pre-loaded with infringing applications or were directed to a "one-click installation" that loads the applications necessary to stream infringing content. Wang Decl. ¶¶ 10–14, 21, 23, 56. Unlike the general-purpose internet access at issue in *Cox*, which was "capable of 'substantial' or 'commercially significant' noninfringing uses," 146 S.Ct. at 968, the A3 TV Applications are not available on the Apple App Store or the Google Play Store and are distributed only on the A3 TV Boxes. Wang Decl. ¶ 57. The A3 TV Applications pre-loaded on A3 TV Boxes provide access to otherwise subscription-gated Exclusive Shows in Complaint Exhibits A-1 and A-2 without payment to Plaintiffs. Wang Decl. ¶¶ 13–14, 56–57.

8. Plaintiffs are likewise likely to succeed on their Lanham Act claims. Plaintiffs own federally registered and common law rights in the iQIYI Marks. The display of the iQIYI Marks in connection with the advertising and sale of the accused A3 TV Boxes through

the "Best TVPad"/"fiontech" storefront, *see* ECF No. 19-3 at 2, and Defendant No. 13's website for which East Pet collected payment create a likelihood of confusion as to the source, sponsorship, or approval of those goods. Plaintiffs' New York common law claims for trademark infringement and unfair competition mirror the Lanham Act standard, with an additional bad-faith requirement that the record satisfies. *Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp. 2d 448, 456 (S.D.N.Y. 2005).

**B. Irreparable Harm**

9. Plaintiffs have demonstrated irreparable harm. Under 15 U.S.C. § 1116(a), a finding of likelihood of success on a trademark infringement claim gives rise to a rebuttable presumption of irreparable harm, and Fion has not rebutted it.). In the copyright and trademark context, irreparable harm exists where infringement "would substantially diminish the value" of the work, "losses would be difficult to measure," and "monetary damages would be insufficient to remedy the harms." *Pearson Education, Inc. v. Labos*, No. 19-cv-487 (CM), 2019 WL 1949820, at *6 (S.D.N.Y. Apr. 23, 2019) (quoting *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 285 (2d Cir. 2012)). Each of those conditions is present here. The loss of goodwill and of the ability to control one's reputation cannot be adequately remedied by money damages. *3M Co. v. Performance Supply, LLC*, 458 F. Supp. 3d 181, 191–92 (S.D.N.Y. 2020).

10. Newly released iQIYI Exclusive Shows appear on the A3 TV Boxes the same day, or within days, of their release on Plaintiffs' authorized platform. Defendants' WeChat accounts advertised the iQIYI Exclusive Show "Drifting Away" on the day of its release and advertised "The Best Thing" two days after its official release. The A3 TV Box also includes a dedicated round-the-clock iQIYI Live Channel, first observed in a "TEST"

channel section and since elevated to the primary channel category, confirming that the infringement is ongoing and expanding. Such actual and ongoing use of Plaintiffs' content and trademarks causes irreparable harm. Li and East Pet have submitted no evidence rebutting this showing of irreparable harm.

**C. Balance of Equities and Public Interest**

11. The balance of equities and the public interest both favor Plaintiffs. Li and East Pet have no legitimate interest in continuing to infringe Plaintiffs' copyrights and trademarks, and "[a]n infringer of copyright cannot complain about the loss of ability to offer its infringing product." *WPIX, Inc.*, 691 F.3d at 287. Enforcing intellectual property rights and preventing consumer confusion serve the public interest. The conduct restraints set forth below prohibit only infringing activity and leave Li and East Pet free to conduct any non-infringing business, including the pet food trading business Li describes. ECF No. 34-1 at ¶ 6. Li asserts burden concerning access to funds and litigation stress but this burden is addressed by limiting the scope of the asset transfer restraint to the likely profits of infringing activity and does not defeat preliminary relief on this record. East Pet submitted no evidence addressing the balance of equities. Li and East Pet submitted no evidence addressing the public interest.

**D. Authority for the Asset-Transfer Restraint**

12. Plaintiffs seek an accounting and disgorgement of Li and East Pet's profits as final equitable relief. A prejudgment asset restraint is appropriate where the plaintiff pursues equitable relief and the restraint is ancillary to that relief. *Gucci America, Inc. v. Weixing Li*, 768 F.3d 122, 130–31, 132–33 (2d Cir. 2014). An accounting of profits is such an

equitable remedy, and it supports a prejudgment asset restraint. *Tiffany (NJ) LLC v. Forbse*, No. 11-cv-4976 (NRB), 2012 WL 1918866, at *11–12 (S.D.N.Y. May 23, 2012), *aff'd in relevant part sub nom. Tiffany (NJ) LLC v. China Merchants Bank*, 589 F. App'x 550 (2d Cir. 2014); *see also Roadget Business Pte. Ltd. v. Individuals*, 735 F. Supp. 3d 981, 983–84 (N.D. Ill. 2024)

13. Li and East Pet hold identifiable proceeds of the accused sales. Li Decl. ¶¶ 12, 14; Sigurdsson Decl. at Ex. 10. Irreparable harm supporting equitable relief may lie where "the monies at issue are identifiable proceeds that are supposed to be held for the party seeking [equitable] relief." *In re Citibank August 11, 2020 Wire Transfers*, No. 20-CV-6539 (JMF), 2021 U.S. Dist. LEXIS 90772, at *12 (S.D.N.Y. May 12, 2021).

**E. Scope of the Asset-Transfer Restraint**

14. The scope of an asset transfer restraint must be limited to the likely profits of infringing activity. *See Klipsch Grp., Inc. v. Big Box Store Ltd.*, No. 12 CIV. 6283 AJN, 2012 WL 5265727, at *5 (S.D.N.Y. Oct. 24, 2012).

15. The burden of exempting particular assets from an asset restraint rests on the restrained party. *Id.* at *8 (S.D.N.Y. Oct. 24, 2012) (quoting *N. Face Apparel Corp. v. TC Fashions, Inc.*, No. 05 Civ. 9083 (RMB), 2006 WL 838993, at *3 (S.D.N.Y. Mar. 30, 2006)); *accord Roadget*, 735 F. Supp. 3d at 983-84.

16. Defendants propose a calculation of likely profits based exclusively on a single listing highlighted in Plaintiffs' materials. Li Decl. ¶ 12. But Plaintiffs also provide an image of the Best TVPad storefront in which all store listings appear to be versions of the at-issue TV Boxes or TV Box accessories. ECF No. 19-3 at 2. From the face of Plaintiffs'

submission, it appears that all profits from the Best TVPad store are likely profits of infringing activity.

17. Li does not provide an estimate of the total profits from the Best TVPad store. But he states in his sworn declaration that his payout from the store over the past two years was $265,315.20. Li Decl. ¶ 12. The profits he calculates on a single listing from that store are approximately 25% of the payout on that listing. *Id.* My conclusion at this stage is therefore that the appropriate asset freeze is 25% of the payout from the Best TVPad store, which is approximately $66,000.

### F. Security

18. Federal Rule of Civil Procedure 65(c) commits the amount of security to the Court's discretion, and that discretion extends "even to dispense with the bond requirement where there has been no proof of likelihood of harm." *Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 136 (2d Cir. 1997) (quoting *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996)). The amount of a bond measures the damages that a wrongful restraint would cause, not the value of the restrained assets. *See Johnson Controls, Inc. v. A.P.T. Critical Sys., Inc.*, 323 F. Supp. 2d 525, 541–42 (S.D.N.Y. 2004). Li requests security equal to 24 months of his estimated monthly expenses but has not quantified the damages a wrongful restraint would cause. No increase in security is warranted on this record.

# <u>ORDER</u>

**Based on the foregoing findings, IT IS HEREBY ORDERED as follows:**

## A. Conduct Restraints

19. Li, East Pet, and their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby ENJOINED and RESTRAINED from:

(a) Copying, reproducing, displaying, publicly performing, distributing, importing, or creating derivative works of Plaintiffs' copyrighted works, including but not limited to those identified in Exhibits I and II. ECF Nos. 16-1 and 16-2;

(b) Importing, transmitting, or distributing Plaintiffs' copyrighted works over the Internet, including through any A3 TV Box or the A3 TV Applications;

(c) Manufacturing, selling, advertising, offering for sale, distributing, or importing any A3 TV Box, including any A3 TV Box hardware, application, or activation or renewal code;

(d) Displaying or otherwise using Plaintiffs' name, the iQIYI Marks, or screenshots of Plaintiffs' copyrighted works to promote any A3 TV Box; and

(e) Assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities described in subparagraphs (a) through (d) above.

## B. Asset-Transfer Restraint

20. The asset-transfer restraint imposed by the Court's July 9, 2026 Temporary Restraining Order (ECF No. 23) is hereby CONTINUED as to Li and East Pet, pursuant to Federal Rules of Civil Procedure 64 and 65, N.Y. C.P.L.R. § 6201, and this Court's inherent equitable authority. However, the asset restraint against Li is REDUCED to $66,000. Li and any person or entity acting on his behalf, including financial institutions, payment providers, and payment processors, are RESTRAINED AND ENJOINED from transferring, disposing of, encumbering, or secreting any funds or assets held in the following accounts:

(a) the account at Bank of America, N.A. bearing an account number ending in 3139; and

(b) the account at Bank of America, N.A. bearing an account number ending in 6860.

21. Additionally, East Pet and any person or entity acting on its behalf, including financial institutions, payment providers, and payment processors, are RESTRAINED AND ENJOINED from transferring, disposing of, encumbering, or secreting any funds or assets held in the following accounts:

(a) the account at PayPal bearing an account number ending in 5491.

22. The restraint set forth in Paragraphs 18 and 19 extend to any other financial account or asset in the name of, linked to, or otherwise associated with Li or East Pet, whether or not enumerated above, including any account identified in response to any subpoena served in this action.

23. Each financial institution, payment processor, and payment-solutions provider that receives notice of this Order shall provide written confirmation of its compliance to Plaintiffs' counsel within five (5) business days of service of this Order, identifying each account restrained, the balance restrained, and any responsive account it was unable to locate.

**C. Prohibition on Transfer of Ownership**

24. Li and East Pet are further ENJOINED and RESTRAINED from transferring ownership or control of any e-commerce store, seller account, website, domain name, or social media account used in connection with the activities described in this Order, including the internet domain fiontech.com.

## D. Expedited Discovery

25. The expedited-discovery provisions of the Court's July 9, 2026 Temporary Restraining Order (ECF No. 23) are hereby continued. Within five (5) business days of receipt of this Order, PayPal, Inc., eBay, Inc., Bank of America, N.A., and any other marketplace platform, payment processor, bank, or financial institution that receives notice of this Order shall produce to Plaintiffs' counsel the following categories of documents relating to Li and East Pet's accounts and to the "Best TVPad"/"fiontech" eBay storefront:

(a) Account holder names, addresses, telephone numbers, and email addresses;

(b) Account balances and transaction histories;

(c) Records of all sales of A3 TV Boxes, including unit volumes, gross revenue, and the disposition of sales proceeds;

(d) Records of any transfer, withdrawal, or disbursement from the date of the filing of this action;

(e) Records of any linked account, including bank accounts, payment cards, and alternative payment methods; and

(f) Records identifying the sources of funds deposited into and the destinations of funds transferred out of the accounts.

26. Li and East Pet shall produce to Plaintiffs' counsel, within fourteen (14) days of entry of this Order, all documents in their possession, custody, or control concerning (i) the ownership, operation, sales, and revenue of the "Best TVPad"/"fiontech" eBay storefront; (ii) the ownership, operation, and wind down of East Pet LLC; (iii) the relationship between East Pet LLC and any other person or entity, including Li, Wangchao Li, and Fion; (iv) the deposit and disposition of all payouts received from eBay in connection with that storefront; (iii) the deposit and disposition of the funds described in Paragraph 12; (iv) the provenance of the balances presently restrained, including complete bank statements; and (v) distribution or manufacture of

the A3 TV Box and the provenance of the A3 TV Boxes sold by "Best TVPad"/"fiontech" eBay storefront or any of Defendant Nos. 8, 9, and 13.

27. This expedited discovery is authorized pursuant to Federal Rule of Civil Procedure 26(d)(1) upon a showing of good cause.

**E. Security**

28. The $10,000 bond previously posted by Plaintiffs on July 20, 2026 remains with the Court as security for this Order pursuant to Federal Rule of Civil Procedure 65(c), subject to increase on application in the interest of justice. The Court finds that this amount is adequate security for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

**G. Sealing**

29. Consistent with the sealing provisions of the July 9, 2026 Temporary Restraining Order and narrowly tailored to protect competitively sensitive information and the integrity of the asset restraint, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124-25 (2d Cir. 2006), this Order and its attachments shall remain under seal until further order of the Court or until Plaintiffs move to unseal, whichever occurs first.

### H. Duration

30. This Order remains in effect pending final resolution of this action or until further order of the Court.

### I. Effect on Other Defendants

31. Nothing in this Order affects the rights or obligations of any defendant other than Defendant Nos. 14 and 17, or the relief that Plaintiffs separately seek as to any other defendant.

Dated: August 24, 2026

New York, New York

**SO ORDERED.**

HON. ANALISA TORRES
UNITED STATES DISTRICT JUDGE